NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>THOMAS K. VARKEY,<br><br>Debtor. | Bankruptcy Action No. 25-22026 (MEH) |
| THOMAS K. VARKEY,<br><br>Appellant,<br><br>v.<br><br>M&T NATIONWIDE, LLC et al,<br><br>Appellees. | Civil Action No. 26-1645 (RK)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

      **THIS MATTER** comes before the Court upon *pro se* Debtor-Appellant Thomas K. Varkey's (Appellant) Emergency Motion for a Stay Pending Appeal ("Motion" or "Mot.," ECF No. 6).[1] This Motion was filed in connection with Appellant's appeal of the United States Bankruptcy Court for the District of New Jersey's (the "Bankruptcy Court") order denying vacatur of its orders granting Appellees Rachel Mathew, Kochupilavilayil Easo Mathew,[2] and M&T Nationwide, LLC (the "M&T Appellees") and Priya Thomas ("Thomas") relief from the automatic

---

[1] Appellant filed substantively identical motions both titled "Emergency Motion for Stay Pending Appeal" on February 24, 2026 and March 2, 2026. (*See* ECF Nos. 3, 6.) For ease of reference, the Court cites only the latter of the two motions, but the discussion applies equally to both motions.

[2] The Court notes that Mr. Matthew's name is listed as "Kochupillavilayil" on the docket. The Court uses the spelling of his name as it appears in his filings.

bankruptcy stay. (Bankr. ECF No. 42 at 12; Bankr. ECF No. 53.[3]) The M&T Appellees filed an opposition to Appellant's Motion ("Opposition" or "Opp.," ECF No. 7), and Appellant replied (ECF No. 8).

The Court has considered the parties' submissions and resolves the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. *See also* L. Civ. R. 601.1(c) (providing that the District's Local Civil Rules apply to bankruptcy appeals before the District Court). After carefully considering the parties' submissions and, for the reasons explained below, the Motion is **DENIED**.[4]

## I.    BACKGROUND

On November 12, 2025, Appellant filed for Chapter 13 Bankruptcy. (Bankr. ECF No. 1.) This had the effect of automatically staying two relevant New Jersey Superior Court proceedings: an action brought against Appellant by his business partner Rachel Mathew with the docket number SLM-C-24-24 (the "Business Action") and a divorce action by Appellant's wife, Thomas, with the docket number FM-12-1200-23 (the "Divorce Action"). (*See* Bankr. ECF Nos. 29–30; Opp. at 2, 19; Mot. at 1, 23[5]); *see also Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020) ("Under the Bankruptcy Code, filing a petition for bankruptcy automatically 'operates as a

---

[3] Citations to "ECF No. __" refer to docket entries in this Bankruptcy Appeal (No. 26-1645) and citations to "Bankr. ECF No. __" refer to docket entries in the underlying Bankruptcy Court case (No. 25-22026 in the Bankruptcy Court).

[4] Again, this same analysis applies to the identical motion pending at ECF No. 3, which is also **DENIED**. The Court also notes that Appellant filed an "Emergency Motion to Reopen Case" (ECF No. 5) in response to this Court's order denying Appellant's Application to Proceed *In Forma Pauperis* and closing the case (ECF No. 4). This matter was reopened upon Appellant's payment of the filing fee in the Bankruptcy Court. Accordingly, Appellant's Emergency Motion to Reopen Case is **DENIED** as moot.

[5] Because the Motion and Opposition are not consecutively paginated, the Court uses the page numbers generated by ECF.

stay' of creditors' debt-collection efforts outside the umbrella of the bankruptcy case." (quoting 11 U.S.C. § 362(a))).

The M&T Appellees moved to lift the stay with respect to the Business Action and Thomas did the same with respect to the Divorce Action. (*See* Bankr. ECF Nos. 18–19.) After a hearing, the Bankruptcy Court granted both motions. (*See* Bankr. Docket Entries Dated January 14, 2026; Bankr. ECF Nos. 29–30.) Appellant then moved to vacate both orders. (Bankr. ECF No. 42 at 12 (asking that the Bankruptcy Court vacate the order "granting relief from the automatic stay in favor of M&T Nationwide, LLC and Priya Thomas").) The M&T Appellees opposed, and after a hearing, the Bankruptcy Court denied the motion (Bankr. Docket Entry Dated February 4, 2026; Bankr. ECF Nos. 47, 53.) Appellant then appealed that order denying vacatur to this Court. (ECF No. 1.) Appellant filed an Emergency Motion for Stay Pending Appeal in the Bankruptcy Court, and that motion is still pending.[6] (*See* Bankr. ECF No. 63.) Appellant then filed his similar Motion in this Court, alleging that imminent proceedings in the Divorce Action could result in transfers of some of his multiple properties. (*See* Mot at 1.)

## II.    **LEGAL STANDARD**

A party may move in the district court for a stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8007(b). *See* Fed. R. Bankr. P. 8007(b). Such a stay "is an 'extraordinary remedy.'" *Deshmukh v. U.S. Tr. Off.*, No. 25-4017, 2025 WL 2663696, at *5 (D.N.J. Sept. 17, 2025) (quoting *In re W.R. Grace & Co.*, 475 B.R. 34, 205 (D. Del. 2012)). In determining whether to grant such a stay, courts apply factors akin to those used in the preliminary injunction context. As the United States Court of Appeals for the Third Circuit has explained:

In considering whether to grant a stay pending appeal, courts consider the following

---

[6] Appellant claims that this motion was denied by the Bankruptcy Court, but that does not appear to be the case. (Mot. at 1.)

four factors: (1) whether the appellant has made a strong showing of the likelihood of success on the merits; (2) will the appellant suffer irreparable injury absent a stay; (3) would a stay substantially harm other parties with an interest in the litigation; and (4) whether a stay is in the public interest.

*In re Revel AC, Inc.*, 802 F.3d 558, 565 (3d Cir. 2015). The first two factors are the "most critical," *id.* at 570, and if the movant fails to show either of the first two factors, "the stay should be denied without further analysis," *id.* at 571 (quoting *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir. 1997)). On the first factor, the movant bears the "burden of demonstrating that it has a 'significantly better than negligible' chance of succeeding on the merits of its" appeal. *S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP*, 927 F.3d 763, 775 (3d Cir. 2019) (quoting *In re Revel AC, Inc.*, 802 F.3d at 571).

A bankruptcy court's decision to grant relief from the automatic stay is reviewed for abuse of discretion. *See In re Myers*, 491 F.3d 120, 128 (3d Cir. 2007). An abuse of discretion arises when a court's decision is based on "a clearly erroneous finding of fact, an erroneous legal conclusion or an improper application of law to fact." *In re Maxus Energy Corp.*, 49 F.4th 223, 229 (3d. Cir. 2022) (quoting *In re Prosser*, 777 F.3d 154, 161 (3d Cir. 2015)). In other words, a court abuses its discretion "only where the . . . court's decision is 'arbitrary, fanciful, or clearly unreasonable'—in short, where 'no reasonable person would adopt the . . . court's view.'" *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010) (quoting *United States v. Starnes*, 583 F.3d 196, 214 (3d Cir. 2009)).

## III.    **DISCUSSION**

Appellant does not meaningfully argue that he is likely to succeed on the merits, so he fails to carry his burden to justify a stay pending appeal. *See S.S. Body Armor I., Inc.*, 927 F.3d at 775. Appellant correctly recognizes that he must "ma[k]e a strong showing of likelihood of success on the merits." (Mot. at 8.) However, rather than make any argument to this effect, he lists a series of

four allegedly "substantial legal questions" related to whether property may be transferred while a bankruptcy is ongoing and conclusorily states he has a "reasonable likelihood of success." (*Id.* at 9–10.) This one sentence summary statement does not suffice to show a likelihood of success on the merits. *See Cerro Fabricated Prods. LLC v. Solanick*, 300 F. Supp. 3d 632, 654 (M.D. Pa. 2018) ("This brief and generalized assertion fails to satisfy Plaintiff's burden of demonstrating a likelihood of success on the merits."). In fact, any argument for likelihood of success on the merits was likely forfeited altogether. *See Facta Health Inc. v. Pharmadent LLC*, No. 23-2224, 2024 WL 4345299, at *7 (3d Cir. Sept. 30, 2024) (argument forfeited where it consisted of "only a singular, passing, and unsubstantiated reference to due process violations" (citing *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997)); *see also Thornton v. State of New Jersey*, No. 24-3084, 2026 WL 524685, at *2 (3d Cir. Feb. 25, 2026) (applying doctrine of forfeiture to a *pro se* litigant).

Even if the Court were to construct an argument from Appellant's passing statements, that argument would fail to show a likelihood of success on the merits. Appellant's "substantial legal questions" relate to whether state court proceedings may continue during the pendency of bankruptcy. (Mot. at 9.) However, it is well established that "[i]f relief from the stay is granted," as it has been here, "judicial proceedings against the debtor may then continue." *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991). Accordingly, there is no likelihood of success on the merits or even substantial question here.

Having failed to meaningfully argue that he is likely to succeed on his appeal, Appellant has undoubtedly failed to carry his "burden of demonstrating that [he] has a 'significantly better than negligible' chance of succeeding on the merits of" his appeal. *S.S. Body Armor I., Inc.*, 927 F.3d at 775 (quoting *In re Revel AC, Inc.*, 802 F.3d at 571). Because he has failed on the first

threshold stay factor, "the stay should be denied without further analysis." *In re Revel AC, Inc.*, 802 F.3d at 571 (quoting *In re Forty-Eight Insulations, Inc.*, 115 F.3d at 1301). Appellant's Motion, therefore, is **DENIED**.

**THEREFORE**, it is on this 4th day of March, 2026,

**ORDERED** that Appellant's Emergency Motions for a Stay Pending Appeal (ECF Nos. 3, 6) and Emergency Motion to Reopen Case (ECF No. 5) are **DENIED**, and it is further

**ORDERED** that the Clerk of the Court **TERMINATE** the Motions pending at ECF Nos. 3, 5, and 6.

 

 

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**